Pearson, J.
 

 Prior to the Act of 1807, Rev. Code, ch. 45, sec. 27, a purchaser at execution sale, had no remedy, either
 
 *106
 
 in Law or Equity, if he lost the property by reason of a defect in the title of the defendant in the execution. The officer sold only the interest of the debtor, and the purchaser bid for it at his own risk. There was no warranty, expressed or implied.
 

 The Act referred to, gives the purchaser a remedy by an action on the case against the defendant in the execution, in which he may recover the amount of the purchase money with interest. There is nothing, however, in the statute which puts this “ chose in action” above the dignity of a simple contract debt.
 

 We consequently concur in opinion with his Honor in the Court below, that, as against these plaintiffs, the defendant was chargeable with the sum of $149,21, being the excess of the purchase money, after deducting the amount of the executions under which the sale was made, which sum was paid to him by the sheriff, and that the judgments in favor of Bor-land, which had been paid off by the proceeds of the sale, were not vouchers for the defendant.
 

 In respect to the $149,21, that amount was received by the defendant as executor, for, and on account of, the estate of his testator, and, except by force of the statute above referred to, the purchaser could not compel him to repay it; so its repayment was an attempt on the part of the defendant to give the purchaser a preference over creditors of a higher dignity, and amounted to a
 
 devastavit.
 

 In respect to the judgments in favor of Borland, they were satisfied, and extinguished by the money made at the execution sale, notwithstanding the defect in the title of the property sold
 
 (Halcombe v.
 
 Loudermilk, 3 Jones’ Rep. 491) and being thus satisfied, could not afterwards be made use of by the defendant, although he had refunded the money to the purchaser.
 

 It was said, in the argument, that under the doctrine of substitution, the purchaser might have taken the place of the judgment creditor, and compelled the defendant to pay the amount, and the defendant was at liberty to do, without suit,
 
 *107
 
 wbat be could have been compelled to do. This is an application of the doctrine of substitution which is not sustained by any authority.
 
 Scott
 
 v. Dunn, 1 Dev. and Bat. Eq. 425, does not support it. There the land was
 
 liable for the
 
 debt, and the heir took back the land; it was held that the purchaser ought to be substituted in place of the creditor, so as to have a lien on the land in the hands of the heir; because, by paying the creditor, he had
 
 relieved the land
 
 to that amount. So there is no analogy.
 

 The reason of the thing does not bring a purchaser at sheriff’s sale within the principle of substitution. There is no kind of privity between him and the creditor. Tie buys the interest of the debtor, in the property sold, without warranty, at his own risk, and for his own gain. If the title is good, well; if it is not good, what is there to entitle him to take the place of the creditor? But suppose, as between him and the debtor in the execution, or his personal representative, the doctrine of substitution did apply, (if it does, it is singular that some case prior to 1807 cannot be found,) the aid of that doctrine is here invoked
 
 against creditors.
 
 It is well' settled that Equity never interferes against creditors ; for instance, if a surety on a bond pays the amount, although Equity will substitute him to the creditor, so as to give him the benefit of all securities, it will not put him in the situation of a specialty creditor, so as, by substitution, to enable him to divide the fund with specialty creditors; because, that would be interfering against creditors. Here the attempt is to give the simple contract creditor priority over judgment creditors.
 

 Per CuRIAm. Decree below affirmed.